FILED

2014 OCT -3 AM 9: 46

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| STATE FARM FLORIDA INSURANCE COMPANY, | ) ) ) |
| Plaintiff | ) CIVIL FILE ACTION ) NO. 3:14-CV-1202-J-32PDB |
| vs. | ) ) |
| OMEGA FLEX, INC., | ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, State Farm Florida Insurance Company sues Defendant Omega Flex, Inc. as follows:

### THE PARTIES, JURISDICTION AND VENUE

1. Plaintiff State Farm Florida Insurance Company ("State Farm") is a Florida corporation with its principle place of business in Florida.

2. Defendant Omega Flex, Inc. is a Pennsylvania corporation with its principal place of business in Exton, Pennsylvania. Defendant Omega Flex, Inc. may be served with process by service upon its registered agent: Corporation Service Company, 2704 Commerce Drive, Harrisburg, Pennsylvania 17110.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant

and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this complaint occurred in this judicial district.

## ALLEGATION OF FACTS

5. This case arises from the June 3, 2013 fire at the home of Nicholas and Roxanne Louh at 4578 Carrara Court, Jacksonville, Florida 32224.

6. The fire caused in excess of $300,000 in damage to the Louh home, including its real and personal property.

7. At all times material to this complaint, State Farm provided property insurance coverage for the Louh home.

8. Pursuant to the terms and conditions of its insurance policy, State Farm paid the Louhs for covered damages to their home in an amount in excess of $300,00.

9. Pursuant to its indemnification of its insureds, State Farm is subrogated to all claims and rights of action of the Louhs against the parties responsible for the fire, to the extent of its payment.

10. Plaintiff's investigation revealed that the fire was caused by the failure of the corrugated stainless steel tubing ("CSST") gas supply system installed in the home.

11. Specifically, Plaintiff's investigation determined that the CSST became electrically energized as a result of lightning during a storm on June 3, 2013.

12. The electrical energy caused an electrical arc which burned a hole through the thin wall of the CSST, allowing gas to escape and causing the fire.

13. The CSST installed in the Louh home was TracPipe branded CSST manufactured by Defendant Omega Flex, Inc.

## COUNT I – STRICT LIABILITY

14. Defendant Omega Flex manufactured the CSST installed in the Louh home.

15. At the time that the CSST left Defendant Omega Flex's control, it was in a defective and unreasonably dangerous condition that left it unsafe for its normal, intended, and foreseeable use.

16. The CSST was in substantially the same condition at the time of the fire at the Louh home as when it left Defendant Omega Flex's control.

17. The CSST was defective and unreasonably dangerous for its normal, intended, and foreseeable use because:

    A. The extremely thin walls of the CSST are abnormally susceptible to electrical arc induced perforations;

    B. The CSST's abnormal susceptibility to electrically induced perforations is not apparent to users upon reasonable inspection;

    C. The CSST lacks adequate warnings regarding its abnormal susceptibility to electrically arc induced perforations;

    D. The CSST lacks adequate instructions to ameliorate the hazard of electrically arc induced perforations;

    E. The dangers of electrically induced perforations in the CSST outweighs its utility;

    F. Reasonable alternatives were available to the CSST that would safely meet the same need; and/or

    G. Other conditions or defects as discovery may reveal.

18. As a direct, foreseeable, and proximate result of the CSST's defective and unreasonably dangerous condition, Plaintiff has been injured in an amount not less than $300,000.

## **COUNT II – NEGLIGENCE**

19. As the manufacturer and seller of the CSST, Defendant Omega Flex, Inc. owed to all foreseeable users of the product, including the Louhs, the duty to use reasonable care in its design, development, production, marketing, and sale so as to avoid exposing such users to an unreasonable risk of harm to their persons and property.

20. Defendant Omega Flex breached the duties it owed to the Louhs in one or more of the following respects:

    A. Failing to develop the CSST product so that it could withstand normal and expected field installation conditions, including electrical charges to which it might be exposed;

    B. Failing to adequately test the product before marketing it to ensure that it could withstand reasonably foreseeable field installation conditions, including exposure to electrical energy;

    C. Failing to adequately warn installers and users of the product of its susceptibility to damage when exposed to electrical energy;

    D. Failing to warn users of the product of the substantial risk of fire associated with the product when exposed to electrical energy;

  E. Failing to provide adequate instructions regarding the installation of the product;

  F. Inaccurately marketing CSST as a superior alternative to other gas piping products already available on the market when in fact it was not superior because of its abnormal susceptibility to electrically induced perforations; and

  F. Other acts or omissions as discovery may reveal.

21. As a direct, foreseeable, and proximate result of Defendant Omega Flex, Inc.'s breach of duty and negligence, Plaintiff has been damaged in an amount not less than $300,000.

WHEREFORE, Plaintiff prays that:

  A. Process issue and be served upon Defendant compelling it to appear and answer this Complaint;

  B. Plaintiff have judgment against Defendant in an amount not less than $300,000, plus all interest, costs, and expenses to which it is entitled;

  C. Plaintiff have all other relief allowed by law or equity.

           COZEN O'CONNOR

           _____
           Joshua R. Goodman, Esquire
           Florida Bar No.: 0149276
           200 S. Biscayne Boulevard
           Suite 4410
           Miami, Florida 33131
           Telephone: (305) 704-5940
           Facsimile:  (866) 248-2897
           jrgoodman@cozen.com