United States District Court
Middle District of Florida
Jacksonville Division

**STATE FARM FLORIDA INSURANCE COMPANY,**

 *Plaintiff,*

v.                NO. 3:14-cv-1202-J-32PDB

**OMEGA FLEX, INC.,**

 *Defendant.*

# Order

Before the Court is the plaintiff's motion to compel, Doc. 30, and the defendant's opposition to it, Doc. 31. The Court heard oral argument on it on September 22. Doc. 39.

The parties agreed at oral argument the only remaining issue is whether the defendant must produce a document described in the defendant's privilege log as, "Lightning Technologies, Inc. ('LTI') test report of privileged testing done by Omega Flex's consulting expert, prepared in anticipation of litigation and at the direction of Omega Flex's General Counsel." Doc. 30-4. Upon hearing details about the document at oral argument, the plaintiff's counsel agreed the document was work product but maintained its argument that the defendant waived any protection through the untimely production of the privilege log and insufficient details about the report within the privilege log. Doc. 30 at 5−7, 20−23.

A party withholding otherwise discoverable information by claiming protection must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Federal Rule of Civil Procedure 26(b)(5)(a). A party may satisfy that requirement by timely producing a detailed privilege log. *Universal City Dev. Partners., Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 695 (M.D. Fla. 2005). Failure to satisfy that requirement may result in waiver. *See, e.g.*, *Gonzalez v. ETourandTravel, Inc.*, No. 6:13-cv-827-Orl-36TBS, 2014 WL 1250034, at *4 (M.D. Fla. Mar. 26, 2014) (unpublished). To decide waiver, courts consider many factors:

> the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); the timeliness of the objection and the accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular circumstances of the litigation that make responding to discovery unusually easy (such as, here, the fact that many of the same documents were the subject of an earlier action) or unusually hard.

*Universal City*, 230 F.R.D. at 695 (quoting *Burlington N. & Santa Fe Ry. v. United States Dist. Court for the Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005)).

The circumstances do not warrant a finding the defendant waived protection for the document. The defendant has provided thousands of documents in discovery. The defendant's delay in producing a privilege log resulted from a delay in discovering the existence of the document. The latter delay was due to negligence at worst and

2

was quickly remedied. The privilege log could and should have been more descriptive to enable the plaintiff to timely assess the claimed protection. Nevertheless, the defendant ultimately provided the missing details, and any delay did not appear to prejudice the plaintiff.

Thus, the Court **denies** the motion to compel the defendant to produce the document titled, "Lightning Technologies, Inc. ('LTI') test report of privileged testing done by Omega Flex's consulting expert, prepared in anticipation of litigation and at the direction of Omega Flex's General Counsel." Doc. 30.

**Ordered** in Jacksonville, Florida, on October 16, 2015.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:  Counsel of Record